## MUELLER v. RHODE ISLAND INS. CO.

United States District Court
S. D. New York.
Aug. 27, 1953.

Stapleton, Flynn & Lilly, New York City, for plaintiff.

Enrico Sanfilippo, New York City, for defendant.

WEINFELD, District Judge.

 The first affirmative defense pleaded to each cause of action, (Paragraphs "Forty-first" through "Fiftieth", "Sixty-fourth" through "Seventy-third", "Seventy-eighth" through "Eighty-seventh", and "One Hundred First" through "One Hundred Tenth") contains much evidential matter alleging that such loss, if any, as was sustained by plaintiff's assignor occurred following the termination of the contract of insurance and accordingly denies liability. This is not a matter of affirmative defense under Rule 8(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. The general denial previously pleaded in Paragraphs "Seventh", "Seventeenth", "Twenty-seventh" and "Thirty-seventh" of the complaint is sufficient to raise the issue of coverage. The various allegations contained in the first affirmative defense to each cause of action are stricken.

As to the second affirmative defense, here the pleader, in more paragraphs than required, alleges fraud in the issuance of the endorsement following the termination of the original contract of insurance. The elements of a fraud claim have been itemized with evidential detail. Further, the striking of the allegations of the first defense, some of which have been incorporated in the second defense, require repleading of the latter with respect to each cause of action. The motion to strike is granted with leave to replead.

The third defense appears to plead a failure of consideration and must be affirmatively pleaded under Rule 8(c). However, since this defense incorporates allegations of the prior defenses defendant will be required to replead and in so doing omit unnecessary allegations.

The fourth defense appears to plead waiver under the contract of insurance required under Rule 8(c). In this instance too there is unnecessary incorporation of allegations in prior defenses and defendant will be required to re-plead.

In answering this simple action upon four certificates of insurance the defendant is reminded of Rule 8(b), requiring it to "state in short and plain terms [its] defenses to each claim asserted."

The plaintiff's motion is granted as indicated herein. The motion for extension to answer the notice served pursuant to Rule 36 is granted by consent as indicated upon the argument of the motions.

Settle order on notice.